**REITLER**
**REITLER KAILAS & ROSENBLATT LLP**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___3/17/2025___

March 17, 2025

**VIA ECF & EMAIL**
Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007
Torres_NYSDChambers@nysd.uscourts.gov

Re: <u>Hall, et al. v. Protoons Inc.; Action No. 21-cv-02043-AT</u>

Dear Judge Torres:

We are counsel for plaintiffs Orville Hall and Phillip Price, collectively professionally known as "The Showboys" ("Plaintiffs") in the above-referenced action. We write to respond to the letter motion filed yesterday [ECF Doc. 136] (the "Motion") by counsel for defendant Protoons Inc. ("Defendant") seeking leave to raise extraneous and irrelevant issues with the Court pending the Court's decision on Defendant's meritless motion for reconsideration. In light of the issues raised herein, Plaintiffs also respectfully request that the Court reconsider its Order entered earlier today [ECF Doc. 137] to the extent that such Order permits Defendant to file any supplemental submission.

Defendant's request is procedurally and legally improper and should be denied.

Procedurally, the relief sought by Defendant, i.e., "supplementing of the record" in connection with its pending motion for reconsideration, is not provided for in Rule 15(d) of the Federal Rules of Civil Procedure. Rule 15(d) provides a mechanism for "a party to serve a ***supplemental pleading*** setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed.R.Civ.P. 15(d) (emphasis added). As Defendant is not seeking to supplement its counterclaims or any other pleading, Rule 15(d) does not apply.

The Motion should also be denied on the grounds that the proposed "supplement" is futile and the Motion, if granted, would severely prejudice Plaintiffs.

A Rule 15(d) motion may be denied if the proposed supplement is futile. *Kannuu Pty. Ltd. v. Samsung Elec. Co., Ltd.*, 2021 WL 195163, **6-7 (S.D.N.Y. Jan. 19, 2021). Here, Defendant posits that the alleged "uncleared use" of the "Dragnet Theme Song" in Plaintiffs' song "Drag Rap" purportedly justifies Defendant's breach of its contractual obligations to provide royalties to Plaintiffs, ostensibly to offset the purported "risk" of third-party claims caused by this alleged circumstance. The February 24, 2025 email submitted by Defendant (which appears at first blush to have been generated at the request of Defendant for the express purpose of making the Motion), is proffered to demonstrate the supposed realization of this risk

New York | Princeton | Los Angeles

885 Third Avenue, 20th Floor
New York, NY 10022
Main: 212-209-3050

4 Independence Way, Suite 120
Princeton, NJ 08540
Main: 609-514-1500

530 Wilshire Blvd. Suite 301
Santa Monica, CA 90401
Main: 310-337-2305

417672

www.reitlerlaw.com

Hon. Analisa Torres
March 12, 2025
Page 2

(notably in connection with an asset purchase agreement and not in connection with any third-party claim of copyright infringement). However, the Court expressly rejected this position in its Order on the parties' summary judgment motions [ECF No. 117], noting that "Protoons has failed to proffer any non-speculative evidence that 'Drag Rap' 'violate[s] or infringe[s] upon the rights of any third party' such that The Showboys are in breach of the warranties in paragraph 13 of the Agreement." ECF No. 117, at 8. Nothing in the proposed supplemental submission will cure this defect of Defendant's claims and defenses.

A motion to supplement pursuant to Rule 15(d) of the Federal Rules of Civil Procedure should also be denied if it will result in prejudice to the opposing party. *Albrecht v. Long Island R.R.*, 134 F.R.D. 40, 41 (E.D.N.Y. 1991). *See also Burka v. Aetna Life Ins. Co.*, 945 F. Supp. 313, 319 (D.D.C. 1996) (denying motion to supplement filed subsequent to grant of summary judgment in favor of non-movant). Here, Plaintiffs will be prejudiced if the Court grants Defendant leave to supplement the record based on new allegations arising in 2025. Plaintiffs commenced this action on March 9, 2021. ECF Doc. 1. Fact discovery in this action closed three years ago, on March 11, 2022. *See* ECF Doc. 50. The Court granted summary judgment to Plaintiffs on August 22, 2024. *See* ECF Doc. 117. Permitting Defendant to now raise new allegations will either unfairly require Plaintiffs to oppose those allegations without the benefit of discovery or require Plaintiffs to re-open discovery for a case that has already been dispositively determined after four years of litigation. Either option would result in prejudice Plaintiffs.

Here, as in *Burka*, this Motion is "yet another tactic by [Defendants] to avoid this Court ever putting this case to rest." 945 F. Supp. at 319. Defendant has already lodged objections [ECF Doc. 121] to the proposed judgment filed by Plaintiff and filed a motion for reconsideration [ECF Doc. 122], and is doing everything it can to prevent this case from reaching its conclusion.

> DENIED. "The Court, in its discretion, may allow supplementation of the record." *Wealth Mgmt. Assocs. LLC v. Farrad*, No. 17 Civ. 1924, 2019 WL 6497424, at *4 (S.D.N.Y. Dec. 3, 2019) (citing *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998)). Due to the lack of prejudice to Plaintiffs, who will have an opportunity to respond to Defendant's supplemental submission, the Court denies Plaintiffs' motion for reconsideration. Accordingly:
>
> 1. By **March 21, 2025**, Defendant shall file its supplemental submission, which shall not exceed five pages, explaining the relevance of the email attached to Defendant's motion at ECF No. 122.
> 2. By **March 28, 2025**, Plaintiffs shall respond to Defendant's supplemental submission. Plaintiffs' response shall not exceed five pages.
>
> No further briefing shall be permitted absent leave of Court.
>
> SO ORDERED.
>
> Dated: March 17, 2025
>     New York, New York
>
> ANALISA TORRES
> United States District Judge