UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ORVILLE HALL and PHILLIP PRICE,
collectively professionally known as "THE
SHOWBOYS",

                                    Plaintiffs,
            -against-

PROTOONS INC.,

                                    Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  __2/26/2026__

21 Civ. 2043 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiffs Orville Hall and Phillip Price ("The Showboys") brought this breach-of-contract action against Defendant, Protoons Inc. ("Protoons"), for royalties owed pursuant to a recording and publishing contract. *See* Compl., ECF No. 1. Protoons asserted four counterclaims against The Showboys, alleging, *inter alia*, that they breached the contract first by infringing a third party's copyright with their 1986 song "Drag Rap." *See* Countercl. at 22–25, ECF No. 38. In August 2024, the Court granted summary judgment in favor of The Showboys with respect to The Showboys' breach of contract claim, granted summary judgment in favor of The Showboys with respect to Protoons' first, second, and third counterclaims, and dismissed Protoons' fourth counterclaim. Order at 1, ECF No. 117. Before the Court is Protoons' motion for reconsideration of the Court's order. *See* Mot., ECF No. 122; Mem. ECF No. 123; Opp., ECF No. 126; Reply, ECF No. 133; Supp. Mem., ECF No. 140; Supp. Opp., ECF No. 143. For the forgoing reasons, Protoons' motion is DENIED.[1]

---

[1] By letter dated December 11, 2024, Protoons withdrew its request seeking clarification of the Court's order. *See* ECF Nos. 134–35.

## FACTUAL BACKGROUND

The Showboys are R&B and hip-hop performers.  Pls. 56.1 ¶ 1, ECF No. 98.  On May 20, 1985, The Showboys and Protoons entered into an exclusive recording and publishing agreement (the "Agreement").  *Id.* ¶ 2; *see* Agreement, ECF No. 89-1.  Under the Agreement, The Showboys agreed to produce musical compositions (the "Compositions") and record and deliver master recordings (the "Masters") embodying their performances of the Compositions in exchange for royalties.  Pls. 56.1 ¶¶ 5–6.  The Showboys ultimately wrote and recorded four Compositions pursuant to the Agreement: "Cold Frontin'," "Drag Rap," "That's What I Want For Christmas," and "The Ten Laws of Rap."  *Id.* ¶ 16.

The Showboys assigned to Protoons all of their rights, title, and interest in the Compositions, including their right to "collect and receive any and all monies derived from the exploitation of the [] Compositions throughout the world, excluding the writer's share of public performance royalties."  *Id.* ¶¶ 6–7; Agreement ¶ 11(a)–(b).  In return, Protoons agreed to pay The Showboys royalties in accordance with Exhibit A to the Agreement.  Pls. 56.1 ¶ 8; Agreement ¶ 11(c).  Although the Agreement was terminated by letter dated May 18, 1988 (the "Termination"), the Termination did not alter Protoons' rights to the Compositions or its obligation to pay The Showboys royalties.  Pls. 56.1 ¶¶ 13–15; *see* Termination, ECF No. 89-3.

Protoons has not paid any royalties to The Showboys from March 9, 2015, to the present. Pls. 56.1 ¶ 41.  Protoons has also not provided The Showboys accounting statements for twelve semi-annual periods during that time.  *Id.* ¶ 38.  Protoons contends, however, that it is not obligated to pay royalties to The Showboys because The Showboys breached paragraph 13 of the Agreement, in which The Showboys warranted and represented that they would not "violate or infringe upon the rights of any third party."  Agreement ¶ 13(b), (e).; *see, e.g.*, Pls. 56.1 ¶¶ 38–39.

2

Protoons contends that The Showboys copied a distinctive nine-note sequence from the theme song of the television show "Dragnet" (the "Dragnet Theme") in composing "Drag Rap." Def. 56.1 ¶¶ 10–16.  Protoons states that it has "a good faith belief, based on its business judgment, that [The Showboys'] failure to secure the right to copy the nine-note sequence . . . creates significant risk" for Protoons, exposing it to claims from the rightsholders of the Dragnet Theme. Def. 56.1 ¶ 21.  Protoons admits, however, that "there have never been any copyright infringement claims asserted by any third party" with respect to "Drag Rap."  Pls. 56.1 ¶ 42.  And, Protoons concedes that it and its administrators have commercially exploited the Compositions "without interruption" since 1985.  *Id.* ¶¶ 43–44.

Beginning in September 2015, counsel for The Showboys started taking steps to collect unpaid royalties.  Def. 56.1 ¶¶ 30–35.  In January 23, 2020, years after The Showboys began its efforts to collect unpaid royalties, Protoons alleged for the first time that The Showboys had breached the Agreement by "sampl[ing] and interpolat[ing] [] prior works owned and controlled by third parties."  ECF No. 97-28 (Protoons' response); *see* Def. 56.1 ¶¶ 30–35; 40; ECF No. 97-27 (letter from The Showboys' purported counsel).

In connection with its motion for reconsideration, Protoons has presented new evidence that in February 2025, a potential buyer of The Showboys' compositions "has decided to pass on the . . . opportunity" because "[a]mong other things, the existence of the uncleared 'Dragnet' sample is too great a risk."  Levinsohn Aff. ¶ 14, ECF No. 140-1; Email, ECF No. 140-2.  This is the only new evidence submitted in support of Protoons' motion for reconsideration.

## LEGAL STANDARD

It is "well-settled" that litigants may not use a motion for reconsideration filed under Rule 59(e) as a "vehicle for relitigating old issues, presenting the case under new theories, securing a

3

rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the Court overlooked." *Id.* (citation omitted); *see also Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (explaining that reconsideration should be granted "only when the [movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice'" (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992))).

## ANALYSIS

Protoons argues that reconsideration of the Court's order is appropriate because: the Court "overlooked, misunderstood or misapprehended the nature or magnitude of the risk faced by the Defendant" due to Plaintiffs' alleged copyright infringement in connection with their failure to clear their use of the "Dragnet Theme Song" into "Drag Rap," *see* Mem. at 3–6; the Court overlooked that Plaintiffs also breached the Agreement in 2021 when they warned Protoons and "a third-party rightsholder . . . against proceeding with the clearance effort," *see id.* at 6–7; and the Court overlooked the word "violate" in the Agreement by focusing only on copyright infringement claims, *see id.* at 8–9. In support of its motion, Protoons presents evidence that a potential buyer of The Showboys' compositions was concerned about the uncleared "Dragnet" sample and, therefore, forwent the acquisition opportunity. *See* Supp. Mem.

The Court denies Protoons' motion. In concluding that Protoons had introduced insufficient evidence that The Showboys had breached the Agreement, and that Protoons had not established that any breach was material, *see* Order at 8–9, the Court did not overlook any

controlling decisions or data.    The Court already considered Protoons' argument that The Showboys' failure to secure the right to copy the nine-note sequence creates significant risk for Protoons.  *See* Order at 5, 9–10.  "In arguing that the need for a grant of 'clean title' is the 'essence' of the 1985 Agreement rather than, as the Court held, Defendant's administration and commercial exploitation of Plaintiffs' compositions in exchange for royalties, Defendant is, for the umpteenth time, rehashing its argument that it is entitled to withhold royalties from Plaintiffs because . . . Plaintiffs' 'Drag rap' infringes upon the rights of a third party."  Opp. at 4; *see* Order at 9–10; *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005) (emphasizing that a motion for reconsideration is not "an occasion for repeating old arguments previously rejected").  Even if Protoons' basis for withholding royalties were the breach of paragraph 11(g) rather than paragraph 13 of the Agreement, *see* Mem. at 7, this does not alter the Court's conclusion that the essence of the parties' Agreement is the grant of rights to Protoons to administer and commercially exploit the Composition, which Protoons has been able to do without interruption.  *See* Order at 10.[2]

Nor does Protoons' new evidence alter the Court's conclusion.  The email does not change the fact that Protoons has not introduced sufficient evidence of breach of the clear title provision.  At minimum, Protoons needed to introduce non-speculative evidence that the Dragnet Theme Song owners and/or publishers had rights in the nine-note sequence at issue.  *See* Order at 8–9.  Nor is a single email from February 2025 sufficient to show that any purported breach by The Showboys "is so substantial that it defeats the object of the parties in making the contract."  Order at 9 (quoting *Frank Felix Assocs., Ltd. v. Austin Drugs, Inc.*, 111 F.3d 284, 289 (2d Cir. 1997)); *see also* Supp.

---

[2] Setting aside that Protoons never raised breach of paragraph 11(g) in its original summary judgment briefing, *see* Opp. at 6; Agreement § 11(g); ECF Nos. 97, 100 (Protoons' summary judgment briefing), Protoons does not explain why withholding royalties is necessary to "protect [Protoons'] right, title, and interest" in the Drag Rap copyright.

Opp. at 2 ("There is no risk to Defendant—material or otherwise—by reason of a third-party not wishing to acquire The Showboys' catalog.").  Therefore, Protoons' motion is denied.

### CONCLUSION

For the foregoing reasons, Prootons' motion for reconsideration is DENIED.  By **March 26, 2026**, The Showboys shall file a second amended proposed judgment consistent with this order.

SO ORDERED.

Dated: February 26, 2026
       New York, New York

_____
ANALISA TORRES
United States District Judge

6