UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ORVILLE HALL and PHILLIP PRICE,
collectively professionally known as "THE
SHOWBOYS",

                              Plaintiffs,
            -against-

PROTOONS INC.,

                              Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   5/27/2026

21 Civ. 2043 (AT) (KHP)

**ORDER ADOPTING
REPORT AND
RECOMMENDATION**

ANALISA TORRES, District Judge:

Defendant, Protoons Inc. ("Protoons"), moves for leave to amend its counterclaims following the Court's order granting Plaintiffs, Orville Hall and Phillip Price (collectively, "The Showboys"), summary judgment on Protoons' first, second, and third counterclaims and dismissing Protoons' fourth counterclaim. *See* Mot., ECF No. 156; Mem., ECF No. 157; Opp., ECF No. 160; Reply, ECF No. 164; *see also* Summary Judgment Order at 1, ECF No. 117. Pursuant to an amended order of reference, *see* ECF No. 161, the Honorable Katharine H. Parker issued a report (the "R&R") recommending Protoons' motion be denied. *See* R&R, ECF No. 171; *see also* Objs., ECF No. 172; Objs. Resp., ECF No. 173. For the forgoing reasons, the Court overrules Protoons' objections, adopts the R&R in full, and denies Protoons' motion.

Although "the weight of authority within this Circuit classifies a motion to amend a pleading as non-dispositive," *Patrick v. Loc. 51, Am. Postal Workers Union, AFL-CIO*, No. 19 Civ. 10715, 2021 WL 5106638, at *2 n.2 (S.D.N.Y. Nov. 3, 2021) (internal quotations and citation omitted), the Court shall review all properly raised objections *de novo* because Judge Parker issued a report and recommendation. The Court reviews for clear error those portions of the R&R to which no objection is made. *See Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025).

First, Protoons does not object to Judge Parker's recommendation that "leave to file Defendant's sixth, seventh, and eight[h] proposed counterclaims be DENIED on the basis of undue delay and prejudice to Plaintiffs." R&R at 10; *see* Objs. at 3–4 (objecting only to the portion of the R&R related to Protoons' fifth counterclaim for breach of contract). The Court identifies no clear error in this conclusion and adopts the R&R as to these counterclaims.

Second, Protoons raises two objections to Judge Parker's conclusion that Protoons' proposed fifth counterclaim for breach of contract fails to state a claim and that amendment would, accordingly, be futile. *See* R&R 11–14; *see generally* Objs. Protoons' fifth proposed counterclaim "seeks the enforcement of an alleged oral settlement agreement wherein Plaintiffs purportedly agreed to sell their copyrights to a third party." R&R at 11–12 (citing Prop. Am. Counterclaims, ECF No. 156-2, ¶¶ 83–90). The R&R concluded that adding this counterclaim

would be futile, because: (1) review of the record undermined the plausibility of Protoons' allegation that an oral settlement agreement existed, *id.* at 12; (2) Protoons failed to plausibly allege an agreement to capable of enforcement because an agreement to sell music rights must be in writing, *id.* at 13; and (3) the agreement as alleged would not constitute a binding contract, because it was both conditional and incomplete, *id.* at 13–14.

Protoons objects to the first two conclusions, but not the third. *See generally* Objs. The Court identifies no clear error in Judge Parker's conclusion that Defendant's "allegations describe, at most, an agreement to negotiate toward a conditional settlement upon the occurrence of contingent future circumstances, not a definite and presently enforceable contract." R&R at 13; *see Brown v. Cara*, 420 F.3d 148, 153 (2d Cir. 2005). Therefore, the Court overrules Protoons' objections and adopts the R&R's recommendation denying Protoons leave to amend its counterclaims. Moreover, reviewing Protoons' objections to this issue *de novo*, the Court agrees with Judge Parker that Protoons' May 12, 2025 letter to the Court, stating that "settlement efforts are continuing to move forward," undermines the plausibility of Protoons' claim that the parties reached a definite, enforceable settlement agreement in February 2025. *See* R&R at 12 (citing Protoons' letter at ECF No. 146); Prop. Am. Counterclaims at 27 ("On February 21, 2025, [the parties] entered into the Settlement Agreement.").

For the foregoing reasons, the Court ADOPTS the R&R, and DENIES Protoons' motion seeking leave to amend.

SO ORDERED.

Dated: May 27, 2026
New York, New York

_____
ANALISA TORRES
United States District Judge